IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| IN RE: | § | |
| HASSELL 2012 JOINT VENTURE, *et al* | § | CASE NO: 15-30781 |
| Alleged Debtor(s) | § | |
| | § | CHAPTER 7 |

## MEMORANDUM OPINION FOLLOWING REMAND

On September 23, 2016, this Court dismissed the involuntary bankruptcy petition filed against Hassell 2012 Joint Venture. The reasons for the dismissal were explained in a Memorandum Opinion also entered on September 23, 2016. The dismissal was appealed to the District Court by the petitioning creditors. The District Court remanded the case for this Court to determine whether two debts in litigation were actually subject to bona fide disputes.

Because both debts were subject to a bona fide dispute, this involuntary bankruptcy petition is dismissed.

### Evidentiary Hearing on Remand

On September 18, 2017, the Court conducted an evidentiary hearing. The petitioning creditors sought to expand the scope of the hearing beyond the subject matter in the District Court's remand order by attempting to introduce additional and undisclosed debts. However, the Court declined to hear evidence on matters outside the scope of the remand. The Court sustained the objections made by Hassell and did not consider the petitioning creditor's additional allegations.

### The Applied Finish Systems Debt

Hassell had subcontracted with Applied Finish to perform work on the "Transtar Emergency Building Project" which was constructed for Harris County, Texas. On the petition date, Applied Finish had a claim for retainage of $15,101.03. (Pet. Creditors' Ex. 16). The

amount is not in dispute. Hassell was both a payor and a payee of retainage. Harris County withheld retainage from Hassell (in its capacity as payee). Hassel (in its capacity as payor) withheld an identical amount of retainage from its subcontractors.

Importantly, it is undisputed that Hassell was not required to pay the Applied Finish retainer until Hassell had received the retainage payment from Harris County. In practice, Hassell would prepay certain retainage amounts to its subcontractors before receipt from Harris County; although it was not contractually required to do so.

As of the petition date, Hassell had not received the retainage from Harris County and had not paid the retainage to Applied Finish.

Nevertheless, on December 8, 2015, Applied Finish sued Hassell for amounts far in excess of the retainage. In responding to the lawsuit, Hassell explicitly pled that "The Plaintiff's claims for payment of retainage, are premature, pursuant to the terms of its contract and pursuant to the applicable sections of the Government Code, section 2253.046 and 2253.047."

Although Applied Finish sued for more than the retainage, the evidence is undisputed that all legitimate amounts other than the retainage amount had been paid before the lawsuit was filed. After the lawsuit was filed, only the retainage amount was ever paid. Accordingly, the only amount ever in bona fide contention between Applied Finish and Hassell was the retainage amount.

Although Applied Finish sued for immediate payment, the record is undisputed that Applied Finish was not entitled to immediate payment of its retainage. When an amount is not due, no judgment awarding the amount claimed may be issued because the dispute is not ripe for adjudication. *Harris Cty. Mun. Util. Dist. No. 156 v. United Somerset Corp.,* 274 S.W.3d 133, 138 (Tex. App.—Houston [1st Dist.] 2008, no pet.). In *United Somerset,* a developer sued a

municipal district for reimbursement. Similar to the retainages at issue in this case, the reimbursement was not due until development bonds were sold by the utility district. Because the bonds had not been sold, the payment was not yet due. Because the payment was not due, no judgment could be issued on the "unripened" claim. *Id.* The analogy to the retainage in this case is striking. The retainage, although earned, was not due. The suit—filed before the retainages had been received by Hassel—was premature.

The context of the determination of a bona fide dispute under 11 U.S.C. § 303 matters. Involuntary relief depends on a showing of whether the alleged debtor was paying its debts "as such debts become due unless such debts are the subject of a bona fide dispute as to liability or amount." *See* 11 U.S.C. § 303. In this case, the bona fide dispute was whether liability for any amount had yet arisen. Under Texas law, there was no enforceable liability for any amount until the retainage had been received. Because the retainage amount was not due, Applied Finish's claim, which was subject to a bona fide dispute, could not have been a debt that was not being paid "as it became due."

## Texan Flooring

Texan Flooring also sued Hassell for payment. Although the petitioning creditors attempted to demonstrate that amounts in excess of a retainage amount were being claimed by Texan Flooring, that effort was fruitless. The Texan Flooring contract was subject to change orders. On January 21, 2015, a Texan Flooring employee notified Hassell that invoices for four change orders had not been paid. On that same day, Hassell approved the four invoices and directed that the four invoices be paid from Hassell's funds that had been deposited with an escrow/disbursing agent. Texan Flooring was paid by the disbursing agent out of the escrowed funds.

Although the evidentiary record does not reflect the precise date of the payment of the change order invoices, it is plain that the change order invoices never became the subject of the litigation matters that were remanded to this Court for determination.  Indeed, the involuntary petition was filed a mere 15 days later; it is difficult to understand how these invoices would be included in the remanded matters.  In any event, the funds for the debts were escrowed: when Hassel directed payment; payment was made.

When questioned about whether these debts were the subject of the litigation, the sole witness for the petitioning creditors testified that his knowledge was limited to the allegations contained in the lawsuit filed by Texan Flooring.  He further testified that he believed that the Texan Flooring lawsuit included matters beyond Texan Flooring's retainage claim.

The lawsuit is unambiguous.  Texan Flooring sues only for retainage amounts.  (Pet. Creditors' Ex. 10).

> "Despite due demand, R. Hassell has unjustifiably refused to remit TFS earned retainage in the amount of $6,511.04." [Par. 10.].  "Attached hereto and expressly incorporated by reference as Exhibit A is a true and correct copy of TFS's Invoice No 1325 to R. Hassell demanding payment of retainage." [Par. 10].  "As a direct and proximate cause of R. Hassell's breach of contract, TFS has sustained—and continues to incur—damages in the principal sum of $6,511.04 plus attorneys' fees, costs, interest and other damages recoverable under Texas law." [Pars. 11, 22 and 26].

(Pet. Creditors' Ex. 10).  Texan Flooring sought only retainage amounts and related fees, interest and costs. There is no colorable argument that the Texan Flooring dispute was about more than retainage.  As with the Applied Finish retainage, the Texan Flooring retainage was not payable until Harris County paid Hassell.  Also, Hassell eventually prepaid the retainage as it had with Applied Finish.  There was never a moment in time when the retainage was due and not paid.

For the same reasons given with respect to Applied Finish, the Texan Flooring claim was subject to a bona fide dispute.

**Conclusion**

The Court has resolved the sole issue remanded by the District Court. Both litigation debts were subject to bona fide dispute. Pursuant to the District Court's remand order, "[i]f the Bankruptcy Court finds that [the debts that were subject to litigation on the petition date were the subjects of bona fide disputes on that date], it may dismiss this case in its entirety."

By separate order, this case will be dismissed.

SIGNED **September 21, 2017.**

_____
Marvin Isgur
UNITED STATES BANKRUPTCY JUDGE