

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

ENTERED
10/10/2017

| | |
|---|---|
| IN RE: § | |
| HASSELL § | CASE NO: 15-30781 |
| 2012 JOINT VENTURE, *et al* § | |
| Debtor(s) § | |
| § | CHAPTER 7 |

## MEMORANDUM OPINION

The Court issues this Memorandum Opinion and accompanying Order to resolve R. Hassell Holding Company's motion for relief from the Court's Summary Judgment Orders issued on September 23, 2016, and September 21, 2017, under Federal Rule of Civil Procedure 60(b). The Court denies the motion.

## Background

On February 5, 2015, R. Hassell Holding Company (RHHC) filed an involuntary bankruptcy petition seeking to force Hassell 2012 Joint Venture (Hassell) into chapter 7 bankruptcy. (ECF No. 171 at 3). After an initial trial, the Court determined that Hassell was a general partnership consisting of two partners: RHHC and Hassell Construction Co. Inc. (HCCI). (*See generally* ECF No. 61). The Court also held that 11 U.S.C. § 303(a) allowed RHHC to file an involuntary petition against Hassell. (*See generally* ECF No. 61).

After nearly a year of extensive discovery regarding Hassell's financial health, HCCI filed a motion for summary judgment claiming that Hassell failed to meet the requirements for an involuntary bankruptcy petition under 11 U.S.C. § 303(h)(1). (ECF No. 126 at 4). The Court granted HCCI's motion for summary judgment and dismissed the bankruptcy case. (*See generally* ECF No. 126). RHHC appealed the decision to the district court on October 31, 2016, and the parties proceeded with arbitration. (ECF No. 171 at 6). On July 24, 2017, the district

court remanded the case to answer the narrow question of whether certain of Hassell's debts were in fact subject to a bona fide dispute. (*See generally* ECF No. 145). The Court conducted a second hearing on September 18, 2017, on the remanded issues and again dismissed Hassell's involuntary bankruptcy case on September 21, 2017. (ECF Nos. 166, 168).

RHHC now files a motion asking the Court to reconsider its prior Orders in light of new evidence discovered in April of 2017 while it prepared for arbitration. (ECF No. 171 at 7). Specifically, RHHC points to an accounts payable ledger that lists HCCI's liabilities and asserts that the "outcome of the matter in September 2016, would have been different if RHHC and the Court had this information." (ECF No. 171 at 9).

## Jurisdiction

The district court has original jurisdiction over this proceeding under 28 U.S.C. § 1334(a). This is a core matter proceeding under 28 U.S.C. § 157(b)(2)(B).

## Analysis

A court may grant relief from a final judgment or order if new evidence is found that could not have been discovered with "reasonable diligence" in time for a new trial. FED. R. CIV. P. 60(b)(2). The movant must demonstrate: (1) that it exercised due diligence in obtaining the information; and (2) that the evidence is material and controlling and clearly would have produced a different result if present before the original judgment. *Hesling v. CSX Transp., Inc.*, 396 F.3d 632, 639 (5th Cir. 2005). The Fifth Circuit has characterized motions for new trials under Rule 60(b) as "'extraordinary motion[s]' and ha[s] demanded that the requirements of the rule set forth be strictly met." *Johnson Waste Materials v. Marshall*, 611 F.2d 593, 598 (5th Cir. 1980).

For example, In *Lyles v. Medtronic Sofamor Danek, Inc.*, a plaintiff sued a medical device company after an implanted medical device malfunctioned. No. 16-30517, 2017 WL 3976306, at *1 (5th Cir. September 11, 2017). The district court granted summary judgment to the medical device company and the patient filed a motion from relief from judgment. *Id*. The patient claimed that during discovery, the medical device company had concealed evidence from him and this newly discovered evidence satisfied the requirements of Rule 60(b). *Id*. at *2. The district court denied this motion and the patient appealed. *Id*. at *1-2. The Fifth Circuit affirmed the district court's decision, holding that the patient had the requisite information prior to the summary judgment award and "did not attempt to pursue the discovery of documents . . . prior to judgment being entered against him." *Id*. at *8. By failing to utilize proper diligence during discovery, the patient failed to satisfy the first requirement for obtaining relief under Rule 60(b).

RHHC failed to satisfy the first requirement that it exercise due diligence in obtaining the new information. *Id*. At the June 20, 2016, status conference, the parties presented a discovery dispute regarding Hassell's financial information; RHHC alleged that the parties were unable to extract meaningful information from the documents HCCI provided regarding Hassell's financial obligations. (6/20/2016 Hearing at 4:02-4:11 P.M.). The Court specifically provided RHHC with additional time to review Hassell's financial information with the assistance of an accountant. (6/20/2016 Hearing at 4:19 P.M.). Similar to the patient in *Lyles*, despite having extra time and adequate access to Hassell's financial records, RHHC failed to utilize the information it obtained. *Id*. Although RHHC alleges that it had not previously seen the precise document at issue, the information within the document was readily available.

Additionally, RHHC received these documents in May of 2017 in preparation for arbitration but did not bring them forward for nearly five months. (ECF No. 171 at 7). RHHC

had numerous opportunities to discover this information as well as bring it to the Court's attention once obtained; however, RHHC failed to pursue this evidence. Accordingly, RHHC's failure to exercise due diligence is fatal to its Rule 60(b) motion.

## Conclusion

The Court will issue an Order consistent with this Memorandum Opinion.

SIGNED **October 10, 2017.**

                                        Marvin Isgur
                           UNITED STATES BANKRUPTCY JUDGE